UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DAREN FENDERSON**, <br><br> Petitioner, <br><br> vs. <br><br><br> **RAPHAEL WASHINGTON**, <br><br> Respondent. | **2:25-CV-13784-TGB-EAS** <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS** |

Petitioner Daren Fenderson is a pretrial detainee in the custody of the Wayne County Adult Detention Facility in Detroit, Michigan. He filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. According to the state court website, he is facing charges of first-degree premeditated murder, commission of a felony with a firearm, and escape. Fenderson challenges his ongoing state criminal proceedings in the Wayne County Circuit Court. Fenderson does not seek dismissal of the charges; rather, he seeks release on bond. For the reasons stated below, Fenderson's Petition will be **DISMISSED WITHOUT PREJUDICE** because Fenderson has not asserted facts indicating that extraordinary circumstances justify the Court's intervention in a pending state criminal proceeding.

## I.    BACKGROUND

In 2022, Petitioner Daren Fenderson was charged with first-degree premeditated murder, commission of a felony with a firearm, and escape in connection with a "hit and run" in the Wayne County Circuit Court. *See* Register of Actions, Case No. 23-000412-01-FC, Wayne Cnty Cir. Ct., https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=3966742, (last visited Feb. 10, 2026). According to the state court docket entries, Fenderson filed multiple motions to reduce his bond, which were denied. *Id.* Fenderson filed a motion to review his bail in the Michigan Court of Appeals, which was denied on November 13, 2025. *See Order*, *People v. Fenderson*, Docket. No. 378077 (Mich. Ct. App. Nov. 13, 2025). It does not appear that Fenderson filed an application for leave to appeal in the Michigan Supreme Court.

At the time he filed this Petition, Fenderson's criminal case was stayed pending the prosecution's appeal of the order granting the motion to suppress Fenderson's confession. *People v. Fenderson*, No. 367926, 2024 WL 2868673, at *1 (Mich. Ct. App. June 6, 2024). On June 6, 2024, the Michigan Court of Appeals reversed the decision of the trial court. *Id.* The Michigan Supreme Court has permitted consideration of the application for leave to appeal and has ordered oral argument. *People v. Fenderson*, 15 N.W.3d 595 (Mich. 2025).

In his Petition, Fenderson argues that the state court has violated his right to due process, right to effective assistance of counsel, right to

2

self-representation, right to be free from punishment prior to conviction, and right against excessive bail. ECF No. 1, PageID.2. He seeks release on personal bond. *Id.*

## II.   LEGAL STANDARD

Upon the filing of a habeas corpus petition, the Court must examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases.

## III.   DISCUSSION

Title 28 U.S.C. § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, [but] the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981); *Younger v. Harris*, 401 U.S. 37, 46 (1971). Federal courts should not interfere with pending

state criminal proceedings where (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity in the state proceeding to raise constitutional challenges. *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017).

Here, the three conditions for abstention are present. First, Fenderson has an ongoing state criminal prosecution pending in the Wayne County Circuit Court. Second, state criminal proceedings "implicate the important state interests of interpreting statutes and maintaining law and order within a state." *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020). Third, state criminal proceedings provide an adequate opportunity for Fenderson to raise his constitutional challenges. Fenderson has alleged no facts to show that he is or will be unable to raise his constitutional claims in the state court. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.").

But the Sixth Circuit has also recognized three exceptions that permit a federal court to consider a pre-trial habeas petition: the petitioner seeks a speedy trial and available state-court remedies have been exhausted; the petitioner seeks to avoid a second trial on double

4

jeopardy grounds; and the petitioner faces prejudice from retrial based on ineffective assistance of counsel. *See Hill v. Welsh*, No. 21-1759, 2022 WL 17493380, at *1 (6th Cir. June 24, 2022) (citing *Atkins*, 644 F.2d at 546; *Delk v. Atkinson*, 665 F.2d 90 (6th Cir. 1981); and *Turner v. Tennessee*, 858 F.2d 1201, 1208–09 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989)).

In this case, Fenderson has not shown that any of these exceptional circumstances apply that would allow the Court to consider the Petition. While Fenderson complains of delay and that his "due process rights, right to effective assistance of counsel, right to self-representation, right to be free from punishment prior to conviction, right to writ of habeas corpus, and the right to not have excessive bail ha[ve] been infringed," ECF No. 1, PageID.2, he does not seek a speedier trial, nor does he seek to avoid double jeopardy or appear to face prejudice from retrial arising from ineffective assistance of counsel. Additionally, even assuming extraordinary circumstances existed, Fenderson would still be required to attempt to exhaust available state remedies prior to seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Atkins*, 644 F.2d at 546. The Petition does not indicate that any of these issues have been properly exhausted in the state courts.

With respect to Fenderson's excessive bail argument, the Sixth Circuit appears to have recognized that an argument concerning the denial of a reasonable bond may also be available prior to trial, where a

petitioner has exhausted his state-court remedies. *See Atkins*, 644 F.2d at 549. Here, the Petition fails to support an inference that Fenderson's excessive-bail claims have been fully exhausted. Although Fenderson has sought intermediate appellate review of his excessive-bond claim, he has not sought leave in the Michigan Supreme Court. Therefore, he has not completed exhaustion.

For these reasons, the habeas action is premature and must be dismissed without prejudice.

## IV.   CONCLUSION

For the reasons stated, the Court concludes that Petitioner Fenderson's challenge to his ongoing state criminal proceedings is premature and that he is not entitled to federal habeas relief at this time. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the habeas petition.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b); *Winburn v. Nagy*, 956 F.3d 909, 911–12 (6th Cir. 2020) (ruling that a state pre-trial detainee must obtain a certificate of appealability to appeal the denial of a habeas petition). A court may grant a certificate of appealability only when a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's

6

assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if the petitioner demonstrates that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id*. Petitioner makes no such showing. Reasonable jurists would not find the Court's procedural ruling debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

This case is closed.

**IT IS SO ORDERED.**

Dated: February 18, 2026     /s/Terrence G. Berg
                             HON. TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE